PEDRO GERMÁN ARROYO PRATTS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1058.—*Sometido:* Diciembre 4, 1939. *Resuelto:* Junio 28, 1940.

*Mario Báez García,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

EN MOCION DE RECONSIDERACION

El Registrador de la Propiedad de Mayagüez solicita la reconsideración de la resolución dictada por este tribunal el día 8 de enero de 1940 (55 D.P.R. 808), declarando sin lugar la desestimación del presente recurso. En la opinión que le sirve de base a la referida resolución constan los hechos que han dado origen al recurso, y a ella nos remitimos para una mejor inteligencia de las cuestiones a resolver. Denegamos la desestimación porque fuimos entonces y somos ahora de opinión que las razones aducidas por el recurrido en su nota denegatoria revestían suficiente importancia para ser consideradas y resueltas dentro de los estrechos límites de una moción de desestimación. También creímos conveniente considerar si el recurrente tiene derecho a recurrir por la vía administrativa de la negativa del registrador a inscribir una hipoteca de propiedad mueble otorgada de acuerdo con las disposiciones de la Ley núm. 19 del 3 de junio de 1927, pág. 491. Procederemos ahora a considerar y resolver el caso en sus méritos.

Opinamos que la nota denegatoria del registrador debe sostenerse. Los deudores hipotecarios no constituyeron la hipoteca para garantizar el pago de un pagaré, sino ". . . en garantía del pago al antedicho acreedor hipotecario, o sea *a la persona portadora o tenedora de este documento . . .*" etc., esto es, portadora o tenedora del documento en que consta el contrato accesorio de hipoteca. ¿Y

quién es la persona portadora o tenedora del contrato de hipoteca? Pues sencillamente, el propio registrador, de acuerdo con la sección 15 de la Ley Hipotecaria de Propiedad Mueble, que en lo que es pertinente dice así:

"Sección 15.—Todo registrador de la propiedad llevará un libro de inscripciones de hipotecas de bienes muebles en el cual inscribirá cada hipoteca de propiedad mueble que le fuere presentada para su inscripción. *El registrador retendrá el documento de la hipoteca original* y anotará en él y en una copia del mismo, para el acreedor hipotecario, la fecha, hora y minuto en que fué recibida por él, y la hipoteca surtirá efecto desde ese momento; . . ." (Bastardillas nuestras.)

El resultado lógico de esta doctrina, argumentando en la forma de *reductio ad adsurdum,* sería que los registradores de la propiedad se convertirían por ministerio de la ley en los acreedores de todos los deudores con garantía hipotecaria sobre sus bienes muebles.

Sostiene el recurrente que como en el modelo de hipoteca que ofrece la ley en su sección 5ª. se dice que "si la hipoteca se otorga en garantía del cumplimiento de alguna otra obligación, fuera del pago de pagarés, descríbase correcta, aunque concisamente, la obligación que haya de cumplirse," él se limitó a describir la obligación, o sea a expresar el montante de la deuda, sus intereses y la forma de pago. Creemos innecesario cualquier esfuerzo para demostrar que esta alternativa que ofrece el modelo para cuando se trata de obligaciones ". . . *fuera del pago de pagarés . . .*" no se refiere o no cubre la obligación contraída por los deudores hipotecarios a favor del recurrente.

Con respecto a la cuestión sobre si existe el derecho a recurrir en estos casos por la vía administrativa, opinamos que el lenguaje amplio que usa la Ley sobre Recursos contra las Resoluciones de los Registradores de la Propiedad, aprobada el día primero de marzo de 1902 (Comp. 2180–2190), cubre perfectamente el caso de autos, aun cuando el legislador no pudo tener en mente la Ley núm. 19 de 1927 al

aprobar aquélla en 1902. Si la ley de 1927 no establece un procedimiento especial para recurrir de las resoluciones de los registradores al denegar o suspender alguna inscripción, transferencia o cancelación de hipoteca sobre bienes muebles, se debe precisamente al hecho de que ese procedimiento estaba ya establecido por la ley de 1902. Igual cosa ocurre con el artículo 295 del Código de Enjuiciamiento Civil, que establece el recurso de apelación contra sentencias de las cortes de distrito en todos los casos que enumera, aun cuando la sentencia recayere en una acción que al tiempo de aprobarse el artículo 295, supra, no existía.

*En mérito de las razones expuestas, se confirma la nota recurrida.*