RAMÓN ALVAREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1147.—*Sometido:* Julio 6, 1944. *Resuelto:* Julio 28, 1944.

---

([3]) *Perkins* v. *Lukens Steel,* supra, a la pág. 125.

Carlos D. Vázquez y D. Guerrero Noble, abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El 2 de mayo de 1944 Ramón Alvarez expidió un pagaré al portador, garantizando la obligación consignada en el mismo con hipoteca sobre un automóvil de su propiedad.

Presentado dicho documento en el registro de la propiedad para su inscripción en el libro correspondiente, el registrador la denegó "porque . . . comprende una hipoteca sobre propiedad mueble en garantía de un pagaré al portador con la sola concurrencia del deudor, y la 'Ley Hipotecaria de Propiedad Mueble' . . . no autoriza la constitución unilateral de las mismas, siendo necesario la concurrencia de acreedor y deudor, o sea, tiene que ser un contrato bilateral para que pueda ser inscrito en el registro especial creado por la mencionada ley, de conformidad con sus expresas disposiciones."

La única cuestión envuelta en el presente recurso es si una hipoteca sobre propiedad mueble, constituída para garantizar un pagaré al portador es inscribible en el Registro de Hipoteca de Bienes Muebles, cuando la misma está únicamente firmada por el deudor hipotecario y constituída a favor del portador.

La Ley núm. 19 de 3 de junio de 1927, conocida como "Ley Hipotecaria de la Propiedad Mueble" en su sec-

ción 2 dispone que "toda propiedad mueble estará sujeta a gravamen de índole hipotecaria de acuerdo con las disposiciones de esta ley". La sección 3 establece que el gravamen hipotecario se constituye sobre la propiedad de una persona llamada deudor hipotecario a favor de otra persona llamada acreedor hipotecario, definiendo la significación de la palabra "persona", según la usa el estatuto. La sección 5 determina la forma en que debe otorgarse la hipoteca. Dicha sección dice como sigue:

"Sección 5.—Una hipoteca de propiedad mueble se considerará suficiente cuando se otorgue substancialmente de acuerdo con la siguiente forma y se firme por el deudor y acreedor hipotecario que la otorgaren a presencia de dos testigos idóneos, quienes firmarán la hipoteca como testigos del otorgamiento de la misma, y el deudor hipotecario, o en su ausencia, su apoderado, con poder bastante hará y subscribirá una declaración jurada en substancia, según consta en la presente, la cual formará parte de la hipoteca. Dicha hipoteca y declaración jurada pueden ser impresas, dactilografiadas o manuscritas."

Como puede verse, uno de los requisitos exigidos por la ley para que una hipoteca de bienes muebles se considere suficiente es que la misma "se firme por el deudor y acreedor hipotecario que la otorgaren". Faltando este requisito dejó de cumplirse con una de las disposiciones esenciales de la ley para que tal hipoteca se considere suficiente y creemos, con el registrador, que la misma no es inscribible.

La "Ley Hipotecaria de Propiedad Mueble" es una ley especial. Consta ésta de diecinueve secciones en las que se regula la constitución, inscripción y ejecución de la hipoteca de bienes muebles conteniendo un formulario de dicha hipoteca y su juramento. Así mismo dispone la inscripción de las hipotecas, así constituídas, en un registro especial. Nada tiene que ver esta ley con la Ley Hipotecaria y su Reglamento relativa a la propiedad inmueble. Son dos leyes distintas y de aplicación distinta.

Como ya hemos visto, la ley es clara. Es un requisito para la inscripción de la hipoteca de bienes muebles que tanto el deudor como el acreedor firmen el documento. La razón nos la da la sección 9 de la ley que dispone que:

"Sección 9.—Ninguna propiedad mueble sobre la cual estuviere vigente una hipoteca de bienes muebles será removida del municipio en que se encontrare en la fecha del otorgamiento de la hipoteca sin el consentimiento por escrito del acreedor hipotecario, y si se otorgare dicho consentimiento, se inscribirá una copia certificada de la hipoteca en el registro de la propiedad del distrito al cual fuere removida dicha propiedad."

La ley, pues, confiere ciertos derechos al acreedor que no estarían garantizados de no exigirse que el mismo sea una persona real o jurídica. Es necesario que el registrador sepa quién es el acreedor hipotecario para en el futuro poder autorizar el traslado del bien hipotecado a otro registro y para poder expedir copia certificada de la hipoteca. Es muy necesario también que en el registro conste el nombre del acreedor hipotecario para que el registrador sepa que la persona que autoriza el traslado del bien hipotecado, es dicho acreedor.

El recurrente cita en apoyo de su contención el caso de *Arroyo* v. *Registrador*, 55 D.P.R. 808, pero el mismo es fácilmente distinguible del caso de autos. Aunque en aquel caso también se trataba de un pagaré al portador con garantía hipotecaria sobre propiedad mueble, sin embargo, el que pedía la inscripción era el acreedor, o sea el tenedor del documento, esto es, la persona que tenía derecho, en su día, a exigir el pago de la obligación. En aquel caso no se decidió si era o no necesario que el tenedor del pagaré firmase el mismo para que el documento fuese inscribible, ya que la cuestión no le fué planteada a este tribunal, pero como en este caso, ese el el problema que se plantea, creemos que bastan las razones antes expuestas para decidir que así debe hacerse.

*Debe confirmarse la nota recurrida.*