Fausto López, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1184.—*Sometido:* Abril 3, 1946. *Resuelto:* Mayo 20, 1946.

*Amador Ramírez Silva,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

El dueño de una máquina de aplanchar otorgó un contrato hipotecándola en garantía de un pagaré al portador. Posteriormente el recurrente juró al calce del contrato que era tenedor del pagaré, y solicitó la inscripción de la hipoteca en el Registro. Denegó la inscripción el registrador por tratarse de un contrato de hipoteca de bienes muebles en el cual no concurrió el acreedor, citando el caso de *Alvarez* v. *Registrador,* 64 D.P.R. 40.

El recurrente sostiene que su caso se rige por el de *Arroyo* v. *Registrador,* 55 D.P.R. 808, porque es el alegado tenedor del pagaré hipotecario el que solicitó la inscripción mientras que en *Alvarez* v. *Registrador,* supra, la solicitud de inscripción la hizo el deudor. La distinción, la cual fué sugerida por nosotros en *Alvarez* v. *Registrador,* supra, no es válida. No importa quien solicite la inscripción, no procede si el contrato de hipoteca sobre bienes muebles es unilateral, y no designa a persona determinada como acreedora. En el caso de *Arroyo,* supra, sólo se resolvió que puede recurrir de una nota denegatoria una persona cuyo representante presentó el documento denegado para inscripción. En

cuanto a los méritos del caso, se confirmó la nota denegatoria. *Arroyo* v. *Registrador*, 57 D.P.R. 183.

En el caso de autos el contrato es unilateral. No designa a persona determinada como acreedora. El acreedor resulta ser un desconocido, a saber, el tenedor de un pagaré. Es cierto que el recurrente ha jurado que él es el tenedor del pagaré, pero ese acto unilateral de una persona que no fué parte en el contrato no puede surtir el efecto de modificar el contrato en forma alguna. Ni basta el juramento de un extraño para acreditar ante el registrador que ese extraño es tenedor del pagaré, ni basta que se le acredite al registrador que determinada persona es tenedora del pagaré. Lo que es necesario es que el deudor convenga en garantizar lo que él le adeuda a una persona determinada. *Alvarez* v. *Registrador*, supra.

*Debe confirmarse la nota recurrida.*