BLANCA JOSEFINA PANIAGUA y JOSEFINA BERRÍOS GIRONA, demandantes y apeladas, *v.* AUTORIDAD DE TRANSPORTE DE PUERTO RICO y HARTFORD ACCIDENT AND INDEMNITY COMPANY, demandadas y apelantes.

Núm. 9695.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 9, 1948.

*R. Rodríguez Lebrón,* abogado de las apelantes; *Wilson P. Colberg,* abogado de las apeladas.

*Per Curiam:* Después de haber considerado detenidamente la prueba presentada en este caso, una mayoría del Tribunal es de opinión que las conclusiones de hechos a que llegó la corte inferior están sostenidas por la prueba; que, bajo las circunstancias concurrentes en que sobrevino el accidente en este caso, las demandantes no incurrieron en negligencia contribuyente como causa inmediata del mismo; que las cantidades fijadas como compensación por los daños sufridos por las demandantes no son excesivas; que la corte no abusó de su discreción al condenar a las demandadas al pago de honorarios de abogado; y en su consecuencia que la sentencia apelada debe ser confirmada.

El Juez Asociado Sr. De Jesús no intervino.

Opinión disidente emitida por el Juez Asociado Sr. Snyder.

El día primero de febrero de 1947, aproximadamente a las 8 de la noche, Josefina Berríos Girona, una de las demandantes, manejaba su automóvil desde San Juan a Río Piedras, acompañándola como pasajera Blanca Josefina Paniagua, la otra demandante. Su automóvil chocó contra una guagua de la Autoridad de Transporte que sin tener encendida ninguna luz estaba estacionada en la Parada 27 del barrio de Hato Rey.

Las demandantes instaron pleito de daños y perjuicios contra la Autoridad de Transporte y la Hartford Accident and Indemnity Co. Luego de un juicio en los méritos, el

tribunal de distrito dictó sentencia a favor de la Sra. Berríos concediéndole a ésta $462.55 por los daños ocasionados a su automóvil y $500 por las lesiones físicas. Se dictó también sentencia a favor de la Sra. Paniagua, por $150 en efectivo, $25 por una cartera y $25 por una plumafuente que perdió en el lugar del accidente, y $1,000 por lesiones físicas.

En apelación, las demandadas señalan como error la conclusión del tribunal de distrito al efecto de que (1) la causa próxima del accidente fué la falta de luces en la parte trasera de la guagua y (2) que las demandantes no incurrieron en negligencia contribuyente.

Acepto las conclusiones de hecho a que llegó el tribunal inferior de que (1) el accidente ocurrió de noche, mientras llovía copiosamente y soplaba un fuerte viento; (2) que la Sra. Berríos manejaba por su derecha, a velocidad moderada y con las luces encendidas; (3) que la guagua estaba estacionada oblicuamente hacia la derecha con la parte trasera sobresaliendo hacia el centro de la carretera; y (4) que la luz trasera de la guagua no estaba encendida. Y convengo con su conclusión de derecho de que al no dotar a su guagua con una luz trasera después de la puesta del sol, en violación de la sección 12(g), Ley núm. 279, Leyes de Puerto Rico, 1946 ((1) pág. 599), la Autoridad cometió un acto de negligencia *per se*. Pero el aceptar estos hechos y la conclusión de derecho del tribunal inferior, no contesta la cuestión de si la Sra. Berríos fué culpable de negligencia contribuyente.

Sobre este último punto, el tribunal de distrito hizo el siguiente comentario: "En el caso de autos no había ningún aviso que señalara dentro del limitado alcance de la visibilidad de las luces delanteras del carro de las demandantes el peligro que afrontaban. La prueba demostró que el primer aviso fué el impacto con la guagua estacionada." La corte inferior concluyó que no puede imputársele negligencia a un chófer "que no alcanza a ver un peligro desconocido hasta el momento mismo del impacto que no le ha dado

tiempo a tomar el cuidado y precauciones razonables que tomaría una persona en tales circunstancias. El decidir lo contrario sería el estimular y premiar la violación de la ley con peligro de las vidas de las personas que transitan por las carreteras públicas.''

No tengo dificultad alguna con las declaraciones generales de derecho contenidas en las citas arriba copiadas. Más bien disiento de la conclusión de hecho a que llegó la corte de que ''no había ningún aviso que señalara dentro del limitado alcance de la visibilidad de las luces delanteras del carro de las demandantes el peligro que afrontaban.'' La única declaración sobre este punto que existe en el ré- ord—la de la Sra. Berríos—fué en sentido contrario.

La Sra. Berríos declaró que sus luces delanteras y frenos habían sido reparados recientemente y estaban en excelentes condiciones; que tenía dos limpiavidrios en el parabrisas, que estaban en buenas condiciones y lo limpiaban bien; que debido a la lluvia conducía su automóvil a una velocidad de sólo 15 millas por hora; que desde la Parada 25 la lluvia arreció y notó que no veía muy bien; que desde ese momento su visibilidad solamente era de 30 pies. Entonces sigue declarando así: ''P: ¿Vió algún vehículo que estuviese situado en la carretera? R: No vi nada. P: ¿Usted veía desde donde usted estaba 30 pies al frente suyo? R: Sí, yo veía eso, más o menos. P: ¿De ahí a la baranda? R: Sí, señor. P: ¿Y no vió nada? R: Nada. P: ¿A pesar de traer las luces bien prendidas? R: El agua no me dejó ni ver; yo no vi nada en ese momento. P: ¿Usted se dió cuenta cuando usted chocó? R: Sí, veía una montaña verde al frente mío. P: ¿Cuándo? R: Después que choqué. Delante de mí no veía nada en ese momento.''

La prueba demuestra que la guagua se descompuso veinticinco minutos antes del accidente; que ninguna de sus luces, inclusive las traseras, funcionaba; que un empleado llamó por teléfono a las oficinas de la Autoridad para que

enviaran el carro de servicio, y que mientras el chófer lo esperaba, un número de automóviles que discurrían en ambas direcciones le pasaron a la guagua sin ninguna dificultad.

Si bien los hechos eran diferentes, es pertinente aquí parte de nuestro lenguaje en el caso de *Pérez* v. *Santiago,* 56 D.P.R. 763. Dijimos a la pág. 768: "El automóvil es una máquina peligrosa si el que lo maneja no tiene en todo momento el control del vehículo para detenerlo o desviarlo, evitando hacer daño. . . . De haber desplegado [la demandante Berríos] la diligencia que un hombre razonable hubiera usado dentro de las circunstancias, hubiese evitado el accidente, como sin duda lo evitaron [las docenas] de vehículos de motor de todas clases que . . . pasaron en una y otra dirección por el sitio donde se hallaba [la guagua]."

La Sra. Berríos declaró que cuando ocurrió el accidente tenía encendidas sus luces grandes, que éstas estaban en perfectas condiciones y que su visibilidad era más o menos de treinta pies. En vista de estos hechos, inevitablemente tuvo que ver la guagua estacionada treinta pies delante de ella, *de haber estado mirando.* Y después de haber visto la guagua, la distancia de treinta pies era más que suficiente para poder detener un automóvil que corre a menos de 15 millas por hora, aplicando frenos en perfectas condiciones, o evitar el choque con la guagua, pasándole por el lado izquierdo de esta ancha avenida. Si podía ver a una distancia de treinta pies, debió haber visto la guagua, según la vieron docenas de automóviles que pasaron por allí antes que ella. Por otro lado, si no tenía visibilidad alguna por motivo de la lluvia y el viento, continuó la marcha a su riesgo. Bajo cualquier alternativa, la propia declaración de la Sra. Berríos demuestra que el accidente ocurrió como resultado de negligencia tanto de la Autoridad como de ella misma.

Mi conclusión está de acuerdo con *Restatement, Torts,* Vol. II, sec. 474, Comentario (*b*), pág. 1248, que dice en parte como sigue: "Una condición creada ilegalmente en una

carretera, que trae como resultado que el tránsito por ella sea irrazonablemente peligroso, constituye un estorbo público, toda vez que pone en peligro el ejercicio del privilegio de la comunidad de transitar por dicha carretera. No obstante, el demandante no sólo debe ejercer el debido cuidado para evitar los peligros que son obvios y de los cuales tiene conocimiento, sino que debe estar alerta para descubrir la verdadera condición de la carretera. . . . Por consiguiente, si el demandante hubiera observado la condición peligrosa con suficiente antelación para evitar el accidente, de estar prestando aquella atención que, en vista de los riesgos normales del tránsito, debe prestar un viajero, su negligencia contribuyente al no ejercitar aquella vigilancia razonable constituye un impedimento para poder recobrar daños.'' Y véanse 2 Blashfield, *Cyclopedia of Automobile Law and Practice,* Edición Permanente, secciones 1203, 1222, 1224, 1226, 1227; *Mickens* v. *F. Strauss & Son,* 28 So.2d 84 (La., 1946); *Divita* v. *Atlantic Trucking Co.,* 40 S.E.2d 324 (W. Va., 1946); *Shell Oil Co.* v. *Slade,* 133 F.2d 518 (C.C.A. 5, 1943); *Central Surety & Ins. Corporation* v. *Murphy,* 103 F.2d 117 (C.C.A. 10, 1939); *Mason* v. *Lewis Lavine,* 153 A. 754 (Pa., 1931); *Kormos* v. *Cleveland Retail Credit Men's Co.,* 3 N.E.2d 427 (Ohio, 1936); *Goodwin* v. *Theriot,* 165 So. 342 (La., 1936); *Russell* v. *Szczawinski,* 255 N.W. 731 (Mich., 1934); 23 *Calif.L.Rev.* 498.

A primera vista, parecería que he establecido una doctrina bajo la cual un demandante que maneje un automóvil nunca podría recobrar cuando choca con un automóvil estacionado. Pero, según indican los casos, la doctrina en manera alguna es inflexible. "En ninguna jurisdicción . . . se aplica sin restricción alguna. El chófer no viene obligado inmediatamente a descubrir a riesgo suyo toda clase de obstrucción que pueda existir en su camino. Ésta puede ser tan insustancial en forma o puede estar mezclada con su fondo, que pasa a ser una cuestión para que el jurado decida

si una persona ordinariamente prudente la habría visto a tiempo para evitar la colisión. Además, se establece un caso para el jurado decidir, si se demuestra que la obstrucción se puso de tal manera que no caía dentro del radio normal de las luces, o que se encontró la misma inmediatamente después de pasar la cima de una colina o al virar hacia otro camino en la carretera. (1) Finalmente, puede demostrarse que el chófer no vió la obstrucción a tiempo porque su atención fué justificadamente desviada por un momento de la carretera en frente." 23 *Calf.L.Rev.* 498, 499. Sin embargo, como ya se ha indicado, los hechos y las circunstancias incontrovertidos de este caso exigen que apliquemos la doctrina y resolvamos que la Sra. Berríos, chófer del automovil, fué culpable, como cuestión de derecho, de negligencia contribuyente. Por tanto, la Sra. Berríos no puede recobrar por sus lesiones y por los daños ocasionados a su automóvil.

Queda por resolver la cuestión de la responsabilidad de las demandadas hacia la Sra. Paniagua, pasajera del automóvil de la Sra. Berríos. No existe base posible para resolver que la negligencia contribuyente de la Sra. Berríos debe imputársele a ella. Ésta no tenía deber alguno de advertirle a la Sra. Berríos de un peligro cuya existencia no tenía medios de anticipar. Desde su punto de vista, los hechos en este caso ocurrieron tan súbitamente que no es posible resolver que la Sra. Paniagua venía obligada a tomar alguna acción para hacer frente a la contención de que ella también fué culpable de negligencia contribuyente.

El resultado, en tanto en cuanto concierne a la Sra. Paniagua, es que el accidente ocurrió debido a la negligencia combinada de la Autoridad y de la Sra. Berríos. La regla para tales casos es que si $A$ comete el acto original de negligencia, $A$ es responsable al demandante por todos los daños provenientes de la negligencia combinada de $A$ y $B$, a no ser que $A$ no pueda haber previsto razonablemente el

(1) Véase *Félix* v. *San Miguel, etc.,* 64 D.P.R. 415, 420.

acto intervertor de negligencia de *B. Restatement, Torts,* Vol. II, sección 447; Prosser *on Torts,* págs. 352–373; Eldredge, *Culpable Intervention as Superseding Cause,* 86 *U.Pa.L.Rev.* 121; Bohlen and Harper, *Torts,* sección 123, págs. 274–5; 42 *Mich.LRev.* 709; *Rodríguez Hernández* v. *Arbona et al.,* 68 D.P.R. 713; *González* v. *White Star Bus Line, Inc.,* 53 D.P.R. 659, 666; *Cubano* v. *Jiménez et al.,* 32 D.P.R. 167; *Cruz et al.* v. *Frau,* 31 D.P.R. 92. Véase *Matos* v. *Pabón,* 63 D.P.R. 890. Aquí la Autoridad, que negligentemente dejó su guagua estacionada en una carretera pública, de noche y sin la luz posterior encendida, debió razonablemente prever que un automóvil podía negligentemente chocar con la guagua. Prosser, supra, pág. 356, escolios 29 y 30. Bajo dichas circunstancias, la Sra. Berríos no tiene derecho a daños por razón de su negligencia contribuyente; pero la Autoridad es responsable a la Sra. Paniagua, quien no cometió acto negligente alguno, por todos los daños recibidos en el choque. *Torts, Restatement,* Vol. II, sec. 447, Comentario (*h*) sobre la Cláusula (*c*), pág. 1199.([2])

El segundo señalamiento se refiere a los daños de $500 y $1,000 concedidos a la Sra. Berríos y a la Sra. Paniagua, respectivamente, por sus lesiones físicas. Como ya he indicado que la Sra. Berríos no debiera recibir concesión de daños, la cuestión en cuanto a ella se tornaría académica. Y no encuentro base para intervenir con la discreción del tribunal inferior al concederle a la Sra. Paniagua daños por $1,000.

En el tercer error las apelantes se quejan de la concesión de honorarios de abogado en la suma de $300. En vista de mi proposición para que se modificase la sentencia, yo reduciría éstos a $150.

---

([2]) La Autoridad quizá podría alegar que tiene derecho a que la Sra. Berríos contribuya al pago de los daños como otra persona torticera (*joint tortfeasor*). Véanse *Matos* v. *Pabón,* supra, 902, escolio 10; 54 *Harv.L.Rev.* 1156–89. Pero las alegaciones no levantan dicha cuestión y no la comento aquí.

El juez que suscribe modificaría la sentencia del tribunal de distrito en el sentido de ordenar la desestimación de la reclamación de la Sra. Berríos y reducir los honorarios de abogado a la suma de $150. Así modificada, confirmaría la sentencia.