PEDRO PORTALATÍN VÉLEZ, demandante y apelado, *v.* FRANCISCO y GUILLERMO ALERS, demandados y apelantes.

Núm. 9864.—*Sometido:* Marzo 1, 1949. *Resuelto:* Marzo 30, 1949.

*Luis Antonio Rosario,* abogado de los apelantes; *Esteban Susoni Lens,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Mientras un automóvil propiedad de Francisco Alers guiado por su hijo Guillermo se encontraba en una noche lluviosa y sin estar provisto de luces, estacionado en la carretera número 2, fué chocado por su parte posterior por un automóvil perteneciente a Pedro Portalatín Vélez. Éste demandó al conductor y al dueño del vehículo estacionado. El dueño del otro vehículo contrademandó. La corte de distrito declaró con lugar la demanda y desestimó la contrademanda. El demandado apeló.

En sus conclusiones de hecho y de derecho, la corte inferior expone que del conjunto de la prueba resulta que Guillermo Alers fué negligente al estacionar un vehículo en la carretera, en la forma antes dicha. Por otra parte, también declara probado que hubo negligencia contribuyente por parte del demandante al marchar por una carretera de bastante tránsito, a una velocidad exagerada durante una noche obscura y lluviosa. Y agrega que "de haber caminado a velocidad moderada, está en lo posible que hubiese tenido oportunidad de desviar su Oldsmobile cuando enfrentó el Packard estacionado en su derecha, sin luces, *aun cuando la causa próxima fué el obstáculo inesperado en su trayectoria".* (Bastardillas nuestras.) Opina, sin embargo, que la causa próxima del accidente no fué la negligencia del demandante y no obstante su negligencia contribuyente, declaró con lugar la demanda.

 Parece claro que el demandante, teniendo en cuenta que la noche era obscura y lluviosa, asumía un riesgo considerable al marchar a una velocidad exagerada, toda vez que las luces de su automóvil no hubieran podido permitirle descubrir a tiempo cualquier obstáculo que pudiera encontrar en su camino. Siendo ello así, no tiene razón la corte infe-

rior al concluir que no obstante la negligencia del demandante, ésta no fué la causa próxima del accidente. Él pudo prever un obstáculo en su camino que dada la velocidad que llevaba, la lluvia y la obscuridad de la noche, no le hubiera sido posible descubrirlo a tiempo para evitar un accidente. De igual modo, el demandado también pudo prever que al dejar un automóvil en la carretera, en las condiciones en que lo dejó, asumía el riesgo de que pudiera no ser visto por el conductor de otro vehículo, y de ese modo causar a otro o sufrir él los daños consiguientes en caso de ocurrir un choque. Tanto la negligencia del demandante como la del demandado fueron causas próximas del accidente que se combinaron para causarlo. Bohlen & Harper, *Torts*, sec. 132. Como se dice en la obra que acabamos de citar a la pág. 258, sec. 111, citada con aprobación en *Colón* v. *Shell Co. (P. R.) Ltd.*, 55 D.P.R. 592, 617:

"El criterio principal y más conocido para determinar la causa próxima es el de la posibilidad de prever el daño. Si el daño específico sufrido pudo razonablemente preverse al tiempo de realizarse el acto negligente del demandado, tal acto u omisión es la causa legal del daño. Esta regla ha sido enunciada en muchos casos (se citan). La posibilidad de prever, se recordará, es la base fundamental de la ley de negligencia. Para que exista negligencia, el demandado debe haber actuado o dejado de actuar de tal modo que una persona razonable hubiera podido darse cuenta de que ciertos intereses de determinadas personas estaban irrazonablemente expuestos a una clase general pero definida de riesgos . . . En términos generales, podría decirse que todas las consecuencias que ocurren en forma tal que el demandado pudo preverlas al tiempo de su acto u omisión, son legalmente causadas por el incumplimiento de un deber."

Es también de aplicación al presente caso la regla expuesta en *Restatement, Torts*, Vol. II, sec. 474, Comentario (b), pág. 1248, citado con aprobación en la opinión disidente del Juez Asociado Sr. Snyder en el caso de *Paniagua* v. *Autoridad de Transporte*, 69 D.P.R. 130, 133:

"Una condición creada ilegalmente en una carretera, que trae como resultado que el tránsito por ella sea irrazonablemente peligroso, constituye un estorbo público, toda vez que pone en peligro el ejercicio del privilegio de la comunidad de transitar por dicha carretera. No obstante, el demandante no sólo debe ejercer el debido cuidado para evitar los peligros que son obvios y de los cuales tiene conocimiento, sino que debe estar alerta para descubrir la verdadera condición de la carretera. . . . Por consiguiente, si el demandante hubiera observado la condición peligrosa con suficiente antelación para evitar el accidente, de estar prestando aquella atención que, en vista de los riesgos normales del tránsito, debe prestar un viajero, su negligencia contribuyente al no ejercitar aquella vigilancia razonable constituye un impedimento para poder recobrar daños.(Citas)."[1]

Dadas las circunstancias concurrentes, somos de opinión que erró la corte al declarar con lugar la demanda en el presente caso y no erró al desestimar la contrademanda. *Procede revocar la sentencia en cuanto declaró con lugar la demanda.*

---

[1] La opinión de la mayoría en el citado caso se basó en que los hechos probados no justificaban la aplicación de la regla invocada en la opinión del Juez Asociado Sr. Snyder.