VIRGILIO VERGNE, demandante y apelado *v.* JOSÉ CLEMENTE RODRÍGUEZ y JOSÉ FERNANDO RODRÍGUEZ, demandados y apelantes.

Número 10696.

*Sometido:* 2 de febrero de 1953. *Resuelto:* 17 de septiembre de 1954.

*Mario Báez García*, abogado de los apelantes; *Aníbal Padilla*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El demandante y apelado solicitó del anterior Tribunal de Distrito de Puerto Rico, Sección de Ponce, hoy Tribunal Superior de Puerto Rico, Sala de Ponce, que los demandados y apelantes le pagaran ciertos daños y perjuicios que le habían causado los demandados y apelantes. Para establecer la negligencia el demandante y apelado alegó los siguientes hechos: "que el día 21 de febrero de 1949, como a las 9:15 P.M. mientras el automóvil del demandante venía viajando por la Calle Aurora, en esta ciudad de Ponce, P. R., en dirección este a oeste, en la intersección con la calle Cruz, ya llegando a la esquina oeste, viniendo del este, habiendo usado su alarma y corriendo a velocidad moderada, el automóvil de los demandados, marcado 16035, licencia de Puerto Rico, se lanzó sobre el automóvil del demandante de una manera súbita y sin que lo pudiera evitar el demandante que guiaba su carro Chevrolet, en compañía de su señora esposa y fueron heridos y recibieron lesiones resultando el automóvil Chevrolet, del demandante, destrozado como consecuencia del accidente; que debido únicamente a la exagerada velocidad con que el demandado José Clemente Rodríguez, chauffeur del automóvil Oldsmobile, licencia 16035, y a su negligencia y falta de cuidado, se produjo el accidente que se ha relacionado en

el párrafo segundo de esta demanda; que el automóvil del demandado José Fernando Rodríguez, antes y después del accidente, era operado con el consentimiento y orden de su dueño."

Contestaron ambos demandados, aquí apelantes, alegando simplemente "que niegan todos y cada uno de los hechos esenciales de la demanda enmendada". Celebrado el correspondiente juicio sobre los hechos, el ilustrado Juez sentenciador señor Lagarde Garcés, formuló las siguientes conclusiones de hecho y de derecho.

### "Conclusiones de Hecho

"Que el demandante Virgilio Vergne es dueño de un automóvil 'Chevrolet Coupe', tablillas 20943, y que a la fecha del accidente tenía nueve años de uso.

"Que el demandado José Clemente Rodríguez es dueño del automóvil Oldsmobile, licencia 16035.

"Que el 21 de febrero de 1949, el demandante viajaba en su automóvil, como a las 9:15 P. M. én dirección de este a oeste, por la calle Aurora de Ponce, a poca velocidad y había entrado a la intersección de dicha calle con la calle Cruz, cuando fué chocado por el automóvil del demandado José Clemente Rodríguez, que corría por la calle Cruz, con las luces encendidas, y que a pesar de haber entrado el carro del demandante a la intersección de las calles, el demandado permitió que el suyo entrara y chocara el vehículo del demandante.

"Que el accidente se debió a la culpa, negligencia y forma atolondrada en que el demandado conducía su automóvil.

"Ambos vehículos tenían sus luces encendidas.

"Siendo el demandado el responsable de los daños y perjuicios ocasionados al demandante, viene obligado a indemnizar los mismos.

"Como consecuencia del accidente y por la atención médica que necesariamente se prestó al demandante y a su esposa, éstos pagaron a los médicos la cantidad de $41, los que deberá satisfacer el demandado.

"Por sufrimientos físicos y mentales, y por desperfectos y reparaciones en el automóvil la corte estima que el demandado debe indemnizar al demandante en la cantidad de Quinientos Dólares, que hace un gran total de Quinientos Cuarenta y Un Dólares ($541), que el demandado José Clemente Rodríguez, de-

berá satisfacer al demandante Virgilio Vergne, por concepto de indemnización por los daños y perjuicios por él ocasionados al demandante, su esposa y a su propiedad.

"A tenor con las anteriores conclusiones de hecho, la corte llega a las siguientes

"Conclusiones de Derecho

"Esta acción está predicada en los artículos 1802 y 1803 del Código Civil de P. R. (Ed. 1930).

"El criterio principal y más conocido para determinar la causa próxima es el de la posibilidad de preveer el daño. Si el daño sufrido puede preverse al tiempo de realizar el acto negligente, tal acto u omisión es la causa legal del daño (*Colón* v. *Shell Co.*, 55 D.P.R. 592; *Portalatín* v. *Alers*, 69 D.P.R. 747).

"Por la preponderancia de la evidencia se concluye que no hubo negligencia contribuyente por parte del demandante pues éste estaba ya en la intersección de las calles cuando ocurrió la colisión y siendo dicha defensa de carácter afirmativa le competía al demandado probarla a satisfacción del tribunal, lo que no hicieron. (*Asencio* v. *American Railroad Co.*, 66 D.P.R. 227, *Figueroa* v. *American Railroad Co.*, 64 D.P.R. 335).

"El vehículo del demandado tenía la obligación de detenerse, pues el automóvil del demandante ya había entrado en la intersección de las calles antes indicadas (artículo 17(*g*) Ley de Automóviles aprobada en 5 de abril de 1946; 5 Am. Jur. 663.)"

No estando conformes con la sentencia dictada en virtud de dichas conclusiones de hecho y de derecho, los demandados y apelantes han apelado ante nos, señalando los siguientes errores; *primero:* "el tribunal inferior cometió error manifiesto de hecho y de derecho al ordenar la eliminación del nombre del codemandado José Fernando Rodríguez y no condenar en costas al demandante" y *segundo:* "el tribunal inferior cometió error manifiesto de hecho y de derecho e incurrió en pasión y parcialidad al apreciar la prueba."

En cuanto al primer error, es cierto que el demandante y apelado solicitó y obtuvo de la ilustrada Sala sentenciadora después de contestada la demanda y al comenzar la prueba del caso, el desistimiento de la acción contra el demandado y apelante señor José Fernando Rodríguez (T. 4 y 5) y que el demandado y apelante señor José Fernando

Rodríguez, por voz de su abogado, manifestó, "nos allanamos siempre y cuando se condene en costas a la parte demandante en lo que se refiere a la parte demandada cuya eliminación se solicita en este momento. La parte demandada cuya eliminación se solicita ha incurrido en costas y en gastos y ha tenido que defenderse" (T. 5). No es menos cierto que el demandante y apelado, mientras prestaba declaración, admitió que antes de radicarse la demanda, el demandado y apelante señor José Clemente Rodríguez le admitió que él era dueño del automóvil, pero también explica la razón que tuvo para incluirlos a ambos:

"P. ¿Dígame, don Virgilio, usted declaró a preguntas del compañero Padilla que antes de radicarse la demanda en este caso el demandante le admitió a usted que él era el dueño del carro?

R. Sí, señor.

P. ¿Y por qué radicó la demanda entonces contra él y en contra de otra persona?

R. Porque él había dicho en el Cuartel de la Policía que el carro pertenecía a él y a un hermano.

P. ¿Y a un hermano?

R. Sí, señor, y entonces a nosotros nos admitió que era de él.

P. ¿Antes de radicar la demanda?

R. Antes de radicar la demanda.

P. ¿Y a pesar de eso la radicó contra los dos?

R. Porque en la denuncia de la Corte Municipal constaba que era de los dos," (T. 38).

Resulta cierto asimismo que el abogado del demandante y apelado, en la investigación que hizo del caso, tuvo conocimiento, antes de radicarse la demanda, de la admisión del demandado y apelante señor José Clemente Rodríguez en el sentido que él era dueño del automóvil, pero también explica, cuando declara ante el ilustrado Juez sentenciador, la razón que tuvo para incluirlos a ambos: "dentro de la investigación que estaba haciendo tengo entendido que le pregunté al señor

Clemente Rodríguez a qué se debía que él había informado a la Policía que el carro pertenecía al hermano de él, y fué entonces que nos dijo allí que era que estaba inscrito a nombre del hermano de él". (T. 83.)

Explicando la verdadera situación del título sobre el automóvil, el propio demandado y apelante señor José Clemente Rodríguez, declara: "P: ¿Ahora, testigo, de quién era el carro?; R: mío; P: ¿Por qué razón usted le dijo a la policía y le dijo a este abogado que ese carro pertenecía a su hermano de usted?; R: Porque quien puso el dinero para el carro fué mi hermano, y él tenía la licencia del carro y yo no sabía que el carro estaba a mi nombre" (T. 108).

No es difícil concluir que la mejor práctica en una situación como ésta, era incluir a ambos hermanos como demandados, pues había una verdadera contradicción en las posibles admisiones del demandado y apelante señor José Clemente Rodríguez sobre la pertenencia de dicho automóvil. La Regla 20(a) de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico dispone que: ". . . . podrán acumularse como demandadas en una acción todas aquellas personas contra las cuales, ya conjunta, separadamente o en la alternativa, se alegue cualquier derecho a un remedio respecto a, o que surja de la misma transacción, evento o serie de transacciones o eventos y siempre que *una cuestión de hecho* o de derecho *común a todas dichas personas* surja de la acción." El demandado y apelante señor José Fernando Rodríguez ha podido solicitar del tribunal ser eliminado como parte en cualquiera etapa del procedimiento, para evitarse las inconveniencias y los gastos de un litigio de acuerdo con la Regla 20(b) y 21 de las propias Reglas de Enjuiciamiento Civil. Pero en lugar de así hacerlo, se une al otro demandado y apelante señor José Clemente Rodríguez, en una negativa general de los hechos, como si fuera parte realmente interesada, para después allanarse a su exclusión, si se le pagaban las costas y gastos. Tal conducta no debe ser favorecida. Además nada hay en la transcripción de testimo-

nios y documentos de esta apelación, que nos permita apreciar cuáles fueron, en realidad de verdad, los alegados gastos incurridos o costas satisfechas por el demandado y apelante señor José Fernando Rodríguez para su propia defensa. Siendo esto último así, el ilustrado juez sentenciador no tenía base para ordenar el desistimiento solicitado condicionado al pago de costas y gastos, de acuerdo con la facultad que le concede la Regla 41(a)(2) de las Reglas de Enjuiciamiento Civil.

No debemos interpretar la Regla 41(a)(2), que dispone, que después de contestación, "ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y *bajo los términos y condiciones que ella estime procedentes*", como una regla invariable que exige la imposición de costas y gastos a la parte desistidora, porque ello podría a su vez servir de impedimento a la aplicación liberal de la Regla 20(a) sobre acumulación de partes demandadas.

La solicitud del demandante para que se le permita desistir de su acción en cuanto a una de las partes demandadas, después de haber contestado éstas, va siempre dirigida a la sana discreción del tribunal: *Grivas* v. *Parmelee Transp. Co.*, 207 F.2d 334, (*Major*), (1953), cita precisa a la página 336; *Barnett* v. *Terminal R. Ass'n of St. Louis*, 200 F.2d 893, (*Sanborn*), (1953), cita precisa a la página 894; *Ockert* v. *Union Barge Line Corp.*, 190 F.2d 303, (*Goodrich*), (1951), cita precisa a la página 304; *Larsen* v. *Switzer*, 183 F.2d 850, (*Gardner*), (1950), cita precisa a las páginas 851 y 852.

No teniendo el demandante, un derecho absoluto a desistir, después de haberse radicado una contestación, el tribunal puede, dentro de su discreción, ordenar al momento de autorizar tal desistimiento, que el demandante pague a la demandada aquellas costas y gastos que haya tenido que sufragar para mantener su defensa, *Philadelphia Gear Works Inc.* v. *Kerostest Mfg. Co.*, 101 F. Supp. 820, (*Stewart*), (1951), cita precisa a la página 821, a menos que la parte demandada

haya sufrido otros perjuicios que no sean la mera probabilidad de una nueva acción legal, *Cone* v. *West Virginia Pulp Co.*, 330 U. S. 212, 91 L. ed 849, (*Black*), (1947), cita precisa a la página 853 L. ed., en cuyo caso también debe pagar por dichos perjuicios. Pero cuando las circunstancias demuestren que la inclusión de una parte demandada, no fué un acto caprichoso o malicioso del demandante, sino que había alguna base racional para acumular dicha parte demandada a los efectos de dejar mejor esclarecida una cuestión de hecho o de derecho, el desistimiento puede ordenarse sin imposición de costas ni honorarios de abogado. Se ha resuelto que el pago al demandado de los gastos y honorarios de abogado incurridos por éste en su defensa puede ser una condición válida impuesta al desistimiento de la acción por el demandante después de haber el demandado contestado, pero que la omisión de tal condición no constituye error ni implica ninguna arbitrariedad de parte del juez; *New York C. & L. R. C.* v. *Vardaman*, 181 F.2d 769, (*Stone*), (1950), cita precisa a la página 771.

En cuanto al segundo error señalado, en el sentido que la ilustrada Sala sentenciadora, cometió error de hecho y de derecho en sus conclusiones, e incurrió en pasión y parcialidad al apreciar la prueba, nada encontramos en la prueba que demuestre error en el análisis de los hechos, y nada encontramos en el alegato de la demandada y apelante que nos haya convencido que la ley fué incorrectamente aplicada. La prueba del demandante y la prueba del demandado presentaron dos distintas versiones del accidente, irreconciliables entre sí, y el juez dirimió el conflicto, aceptando la versión del accidente que presentó la prueba del demandante, que por cierto resulta la más racional y probable dentro de las leyes físicas que gobierna los cuerpos en movimiento. El demandado y apelante no nos ha indicado en qué consistió la pasión y la parcialidad del juzgador al apreciar la prueba. Es verdad que tal vez no haya una base muy sólida para la apreciación de hecho que hace el ilustrado juez sentenciador

de que el automóvil del demandante tenía sus luces encendidas.  Pero no teniendo esto una importancia decisiva para la conclusión de negligencia, por tratarse de una colisión de automóviles, en una intersección de calles, donde era deber del demandado ceder el paso a todo vehículo que hubiese entrado a la intersección antes que él, no vemos cómo por esa omisión pueda revocarse la sentencia.  Mucho menos creemos, que una conclusión más o menos discutible dentro de una prueba defectuosa, sobre un extremo sin importancia para la conclusión central de la negligencia, represente por sí misma, un estado mental tan negativo a la justicia y una animosidad tan reprochable contra los mejores intereses de un litigante, que debamos imputarle al ilustrado juez sentenciador algún prejuicio, pasión, o parcialidad al fallar la causa.

▆ Habiendo llegado como llegó el ilustrado juez sentenciador a la conclusión de hecho que la colisión de automóviles se produjo en una intersección de calles, a la cual había entrado ya el demandante, cuando el demandado se tiró a cruzarla, arrollando el carro del demandante con su automóvil, la aplicación del art. 17 (g) de la Ley núm. 279 de 5 de abril de 1946, ((1) pág. 599) resulta totalmente correcta.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado señor Marrero, no intervino.